UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-60029-CR-Bloom

UNITED STATES OF AMERICA,
        Plaintiff,

v.

SHANISA LORASIA BELL,
        Defendant.
_____/

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL

It is undisputed that at least two of the four *Barker* factors weigh heavily against the Government. The four-year delay between indictment and Ms. Bell's arrest weighs heavily against the Government. Ms. Bell's timely assertion of her speedy trial rights weighs heavily against the Government. The only dispute is over the degree and significance of the Government's negligent efforts to arrest Ms. Bell. The Government argues that no matter how negligent its efforts, if its delay is unintentional, the second *Barker* factor cannot weigh heavily against it and Ms. Bell must also show actual prejudice. That is wrong. While there are degrees of negligence, the law requires a serious effort done with reasonable diligence, otherwise the factor will weigh heavily against the government. Here, the Government's delayed, cursory, and sporadic effort, along with a failure to follow obvious and available leads, does not amount to a serious effort done with reasonable diligence. Thus, the second factor also weighs heavily against the government. Because the first three factors weigh heavily against the government,

the indictment must be dismissed.

> **I. THERE IS NO REASONABLE EXPLANATION FOR THE GOVERNMENT'S NEGLECT.**

The Government concedes that factors one and three of the *Barker* test weigh heavily against it. And if the second factor, the reason for the Government's delay, also weighs heavily against the Government—which it does—then the fourth factor, prejudice, is presumed and the indictment must be dismissed.[1] In this case, the government bears the burden of establishing valid reasons for the delay and it has failed to do so.

The Government argues that its efforts to arrest Ms. Bell cannot weigh heavily against it for two reasons: (1) it did not act in bad faith, and (2) even if it acted negligently, its negligence was neither gross nor of the type where courts have found speedy trial violations. Neither reason withstands scrutiny. The Government's self-appraisal ignores or misreads Eleventh Circuit precedent and the facts of this case as recited in its own investigative reports.

> **A. Bad faith is unnecessary for the Court to weigh the reason for delay heavily against the Government.**

Negligence alone, *without intent or bad faith*, can be sufficient for a court to weigh the reason for delay heavily against the Government. The Government seeks to make a finding of bad faith a prerequisite to weighing the second factor heavily against the government. Gov't Resp. at 4. In doing so, it makes the same argument that was soundly rejected by the Supreme Court in *Doggett v. United States*, 505

---

[1] *See, e.g., Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *United States v. Ingram*, 446 F. 3d 1332, 1336 (11th Cir. 2006).

U.S. 647, 649 (1992), and has been rejected numerous times by the Eleventh Circuit since then.

In *Doggett*, the issue was whether a finding of mere negligence under *Barker's* second factor automatically required a showing of actual prejudice under *Barker's* fourth factor. The Supreme Court held that it did not. 505 U.S. 647, 657 (1992). Negligence is not "automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *Id*. Put another way, negligence can be so bad that it weighs heavily against the Government. Indeed, the Court said, negligence "falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Id*. The Supreme Court also stated, "that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows." *Id*. In other words, the longer the delay, the more heavily negligence weighs against the Government. Here, the delay was over four years from indictment to arrest.

Several Eleventh Circuit cases have relied on *Doggett* to explain that negligence alone is enough for the second factor to weigh heavily against the government. For example, in *United States v. Ingram*, the Eleventh Circuit held that the Government's negligence weighed heavily against it because its efforts were not performed diligently. *Ingram*, 446 F. 3d at 1229. The Eleventh Circuit in *United States v. Oliva* very clearly stated that "negligence alone *can* be, but not *must* be, weighed heavily against the Government." 909 F.3d 1292, 1303 (11th Cir. 2018) (emphasis in original) (citing *Ingram*, 446 F. 3d at 1339; *United States v. Clark*, 83 F.3d 1350, 1353-54 (11th Cir. 1996)). The government's assertion at page

3

4 of its response that *Oliva* stands for the proposition that negligence alone does not suffice is simply wrong and ignores the plain language of the case. The relevant question then is not whether the Government intentionally failed to act or acted in bad faith, but whether the Government exercised a serious effort with reasonable diligence. It did not.

### B. The Government's lack of effort weighs heavily against it.

The Government's own recitation of its efforts to find Ms. Bell over the last four years falls short of describing diligence. The response describes one communication with a family member, a handful of database searches, three days of canvassing, and the belated identification of Ms. Bell's Instagram account in April 2020. Even the Government's own timeline makes it clear that the gaps when the Government was doing nothing were lengthy: a year of inaction between February 2017 and February 2018; another year and three months of inaction between February 2018 and May 2019; sporadic surveillance from August 2019 to December 2019; and nothing between the end of April 2020 and Ms. Bell's arrest in January 2021.

This case demonstrates negligence even more egregious than the government's inaction in *United States v. Alterma*, and in that case, the court found that the second factor weighed heavily against the government. Case No. 11-CR-20228-PAS, D.E. 37 (S.D. Fla. 2018) and attached as Exhibit A. In *Alterma*, the government spoke to a family member and a landlord not long after the indictment, spent almost ten months doing nothing, then went to previous residences and knocked on doors and conducted surveillance periodically for a six-month period,

4

then did nothing for almost fifteen months, then did database checks and conducted surveillance once at the defendant's brother's house, and then continued doing sporadic database checks and surveillance. In weighing the government's negligence, the court found that there were large gaps of time during which the government did nothing more than run database searches and conduct case reviews; "in other words, the government agents did nothing more than sit in front of a computer" for some gaps of time, and that simply was not enough to meet their burden. *Id*. at 7. The same happened here.

The Government describes the efforts it took as reasonable diligence but offers no explanation for the obvious leads it failed to follow. For example, it does not explain why it failed to do nothing with Ms. Bell's Facebook account despite its public nature and their awareness of it in October 2016—three months *before* she was indicted. Nor does it explain why, despite its emphasis on database searches, *see* Gov't Resp. at 5-6, it failed to search the Florida Division of Corporations database, Sunbiz, which with the help of Google would have quickly led to Ms. Bell's Instagram accounts and discovery of her employment. *See* Def. Mot. to Dismiss at 11. Even just sitting behind a computer, the agents had the information and resources at hand to find Ms. Bell if they had been determined to do so.

Discovery of Ms. Bell's Instagram accounts—either her personal account or her work account, would have led to Ms. Bell's arrest much earlier. Archived posts and "stories" beginning in June 2019 on her work account, eye4fashionnn, show that customers could pick up fashion apparel at various storefronts in Miami, Ft. Lauderdale, or Palm Beach, or get it delivered. *See* Exhibit B, Instagram posts from

5

Ms. Bell's accounts. Ms. Bell's personal account contained even more specific information about her whereabouts. She uploaded pictures of herself promoting her business, including posting the store's address multiple times around Christmas in 2020 (*id.* at 5-6), and promoting events at the bar and lounge where she worked in February 2020 (*id.* at 7-8). This is not the behavior of someone in hiding. Nor was this information hard to find had the Government conducted the Sunbiz search. But not only did the Government not identify Ms. Bell's Instagram accounts until April 2020, but during the much of the period Ms. Bell was posting her precise locations, the Government was taking no investigative steps at all. *See* Gov't Resp. at 5-7.

When the Court engages in the balancing test to determine how to weight the government's action and inaction, it is entirely appropriate to look at the leads law enforcement failed to follow. *See United States v. Sanchez*, Case No. 10-CR-20882-CMA, D.E. 40 at 18 (S.D. Fla. 2016) (citing *United States v. Velasquez*, 749 F. 3d 161, 177 (3d Cir. 2014)) and attached as Exhibit C. In *Sanchez*, the court noted the periodic surveillance and database searches undertaken by the government, but also noted that it didn't use the many other investigative tools and techniques available to the government. *Id.* (citing *Velasquez*, 749 F.3d at 177) ("If authorities choose to ignore available leads about a suspect's whereabouts in favor of other tasks, they may nonetheless be found negligent within the context of the speedy trial right."). There was much more the Government could have done to arrest Ms. Bell.

Furthermore, the Government's reliance on *United States v. Bagga*, 782 F. 2d 1541, 1543 (11th Cir. 1982) is inapt. First, the government fails to note that *Bagga*

6

was decided before the Supreme Court's decision in *Doggett*, therefore to the extent it provides a different standard with respect to how to weigh negligence, *Doggett* is the prevailing standard. Second, the relevant facts between *Bagga* and this case could not be more different. Mr. Bagga left the United States for India shortly after indictment. 782 F.2d at 1542. A fuller examination of the Government's citation and parenthetical to *Bagga* shows that the "not required to exhaust all conceivable avenues" language used by the appellate court was aimed at the appellant's argument that the Government should have done more to look for him in India. *Id.* at 1543. The court rejected that argument because even had they located Mr. Bagga in India, there was no way to extradite him. *Id.* at 1543-1544. In other words, the avenue, while conceivable, was demonstrably futile.

Here, Ms. Bell never left the state of Florida. And the government did not follow-up on the many available opportunities it had to arrest her. For example, the Government's failure to preserve or exploit Ms. Bell's Facebook account at the time it was first discovered, in October 2016, makes it impossible for the Government to argue that exploring that avenue would have been futile.

In sum, this case is like *Ingram*, *Sanchez*, and *Alterma*, where the Government did periodically exercise some effort, but not enough for that effort to be called serious or diligent. For that reason, the second factor weighs heavily against it.

### C. There is no evidence Ms. Bell knew of the pending charges or indictment.

Ms. Bell has no culpability in the delay and yet the government relies upon

cases where the defendants evaded law enforcement, like *Lazzara*, *James*, and *Villarreal*, which are easily distinguishable from the facts here. To be sure, in cases where a defendant intentionally evades the Government's efforts to bring him to trial, the defendant is held responsible for causing the delay. *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006) (citing *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir. 1988)). In those cases, the Government's negligence (slight or significant) is rendered irrelevant by the defendant's evasive actions.

Here, the Government concedes "there is no evidence that the Defendant knew of the actual Indictment." Gov't Resp. at 9. Nor is there any evidence that Ms. Bell was purposely evading law enforcement.[2] It is therefore puzzling that the Government would cite to, for example, *United States v. Lazzara*, where "the district court did not clearly err in finding Lazzara was culpable for the delay" because he used multiple aliases to evade law enforcement in a different case. 709 F. App'x 578, 580 (11th Cir. 2017). The Government's negligence in that case could not weigh heavily against it because of the defendant's own culpability for the delay.

The citation to *United States v. James* for the proposition that there was no speedy trial violation despite a finding that the Government "could have done more to apprehend [him]" is even more troubling. Gov't. Resp. at 8. The full quotation is:

---

[2] That in a single sentence, the Government argues that Ms. Bell "bears some burden" for the delay despite "no evidence that the defendant knew of the actual Indictment", Gov't Resp. at 9, belies its misunderstanding of its responsibilities under *Barker*: "A defendant has no duty to bring himself to trial; the Government has that duty . . ." 407 U.S. at 527. Moreover, in the law enforcement reports provided in discovery, the agents purportedly used a "ruse" the only time they spoke to a family member. One would assume that a ruse was used to avoid alerting Ms. Bell to the fact that there were pending charges.

8

"Here, the district court found that, while the government could have done more to apprehend James, *it was primarily James's fault that he was not brought to trial sooner*." 183 F. App'x 923, 927 (11th Cir. 2006) (emphasis added). The appellate court then goes on to list all the evasive methods employed by the defendant, including using aliases and fake identification documents. *Id.*

And finally, the Government argues that the agents' actions in Ms. Bell's case closely resemble the agents' actions in *United States v. Villarreal*, where no speedy trial violation was found. Gov't Resp. at 8 n.1. Even if that comparison was apt—and it isn't—the Government fails to mention that Mr. Villarreal "stymied the government's efforts through evasion." 613 F.3d 1344, 1353 (11th Cir. 2010). Indeed, it was because of those "substantial efforts to evade police," that the appellate court weighed the second *Barker* factor in favor of the Government. *Id.*

## CONCLUSION

The Government's response fails to explain the lengthy gaps during which no efforts were made to find Ms. Bell. The response fails to explain why Ms. Bell's social media was not exploited earlier. The response fails to explain why the Government failed to do a basic search of the Florida Division of Corporations database. Nor did the response accurately convey the state of the law. While there is no evidence of bad faith, the Government appears to agree that its sporadic efforts were negligent to some degree. Based on similar cases in this district and this circuit, the Government's conduct was negligent enough to be weighed heavily against it.

It is also worth remembering when performing the *Barker* balancing test,

9

that "the accused's interest in speedy trial is specifically affirmed in the Constitution." *Barker v. Wingo*, 407 U.S. 514, 532 (1972). The government's delay has resulted in the denial of Ms. Bell's constitutional right to a speedy trial.

Accordingly, Ms. Bell respectfully requests that the Court grant this motion and dismiss the indictment.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

*s/ Andrew S. Jacobs*
Andrew S. Jacobs
Assistant Federal Public Defender
Florida Special Bar No. A5502687
150 W. Flagler St., Ste. 1700
Miami, FL 33138
305-533-4201
Andrew_Jacobs@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **April 2, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Andrew S. Jacobs*
 Andrew S. Jacobs